# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30706
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

EVELYN ALCALA JEANSONNE,

Plaintiff - Appellant

v.

GENERATION MORTGAGE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-1014

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Evelyn Jeansonne was married to Avrel Jeansonne. They purchased a community home in New Orleans in 1988. Some years later, Avrel was diagnosed with colon cancer. In order to cover mounting medical expenses, the Jeansonnes sought a home equity conversion mortgage (HECM) from Wells Fargo Bank. Evelyn was not old enough to qualify as an HECM borrower, so

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30706

on May 20, 2010, she made an inter vivos donation of her entire interest in the home to Avrel. *See* La. Civ. Code art. 1468. Avrel then executed the mortgage agreement with Wells Fargo.[1]

On May 11, 2012, Avrel refinanced the HECM loan with Generation Mortgage Company. Avrel signed the mortgage as the borrower, and Evelyn signed "solely for the purpose of consenting to the encumbrance of, and waiving any homestead and/or community property rights in, the described Property," without "assuming any personal liability for payment of the debt secured hereby." Avrel died on May 16, 2014, and one week later, Generation notified Evelyn that the entire balance of the loan was due within 30 days, effectively resulting in her eviction from the property.

Jeansonne filed suit against Wells Fargo, Bayou Title Company, and Generation Mortgage in state court. Wells Fargo removed to the Eastern District of Louisiana. The district court dismissed all claims under Rule 12(b)(6).[2] Jeansonne appeals only the dismissal of her claims against Generation Mortgage.

I.

We review a dismissal under Rule 12(b)(6) de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Two months earlier, the Jeansonnes had attended a mandatory HECM counseling session where Evelyn signed an acknowledgment as a non-borrowing spouse that "[i]f the borrowing spouse or resident predeceases you . . . the reverse mortgage will become due and payable."

[2] The district court found that the claims against Wells Fargo and Bayou Title had prescribed under state law.

2

No. 15-30706

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation omitted).

## II.

Jeansonne first argues that Generation violated HUD regulations by foreclosing on the home while she still resided in it. Jeansonne cites 12 U.S.C. § 1715z-20(j) in support, which states that "[t]he [Secretary of Housing and Urban Development] may not insure a home equity conversion mortgage under this section unless such mortgage provides that the homeowner's obligation to satisfy the loan obligation is deferred until the homeowner's death, the sale of the home, or the occurrence of other events specified in regulations of the Secretary," and "[f]or purposes of this subsection, the term 'homeowner' includes the spouse of a homeowner." As the district court correctly noted, this provision prevents HUD from insuring reverse mortgages that fail to protect a surviving spouse who continues to reside in the home after the death of the borrowing spouse. And while HUD may have violated § 1715z-20(j) by insuring a reverse mortgage that failed to protect Evelyn Jeansonne as the non-borrowing spouse, *see, e.g.*, *Bombet v. Donovan*, No. 13-118, 2015 WL 1276555, at *5 (M.D. La. Mar. 19, 2015), this would not affect Generation's right to foreclose under the terms of the contract it executed with Avrel Jeansonne.

Jeansonne also argues that § 1715z-20(j) comprised an implied term of the HECM contract between Generation and her husband. In support, Jeansonne cites cases where the displaced spouse was a *borrower*.[3]  Here,

---

[3] *Smith v. Reverse Mortgage Sols., Inc.*, No. 3D13-2261, 2015 WL 4257632, at *3 (Fla. Dist. Ct. App. July 15, 2015); *Kostopoulos v. Onewest Bank, FSB*, 60 F. Supp. 3d 804, 805–06 (E.D. Mich. 2014).

No. 15-30706

Jeansonne was a non-borrowing spouse and was therefore not a mortgagor under the contract. Thus, Generation was free to foreclose after the death of the only borrower under the agreement. *See Plunkett v. Castro*, 67 F. Supp. 3d 1, 19 (D.D.C. 2014); *Bombet*, 2015 WL 1276555, at *5.

## III.

Because Jeansonne, as a non-borrowing spouse, has failed to state a plausible claim for relief, the district court properly dismissed under Rule 12(b)(6). AFFIRMED.